IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-59 |
| ) | (VARLAN/SHIRLEY) |
| v. ) | |
| ) | |
| TERRANCE L. WATERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on August 16, 2007 for a motion hearing on Defendant Waters' Motion to Compel the Disclosure of Preferential Agreements [Doc. 28], Motion to Preserve the Rough Notes of all Agents for an In Camera Inspection [Doc. 30], Motion to Compel Disclosure of Prior Bad Acts of Witnesses Called by the Government [Doc. 32], and Motion to Disclose and Produce.[1] [Doc. 34] Assistant United States Attorney Hugh Ward was present representing the government. Attorneys Allan Schwartz and John Valliant, Jr. were present representing Defendant Waters, who was also present. The Court will address each motion in turn.

---

[1] The Court also heard oral argument on Defendant Waters' Motion to Dismiss [Doc. 36], but that motion will be addressed in a Report and Recommendation to follow.

1

## I. Motion to Compel the Disclosure of Preferential Agreements [Doc. 28]

In his first motion, Defendant Waters moves the Court to order the government to disclose in writing the history and status of any plea-agreements or plea-bargains of indicted or unindicted co-defendants or co-conspirators. At the hearing, the parties indicated that the government had already provided this information to Defendant Waters. Accordingly, Defendant's motion [Doc. 28] is hereby **DENIED as moot**.

## II. Motion to Preserve the Rough Notes of all Agents for an In Camera Inspection [Doc. 30]

In his second motion, Defendant moves the Court to require all of the government agents involved in this case to preserve their rough notes for an in camera inspection by the Court. At the hearing, the government indicated that it had already directed its agents to preserve their notes. The Court also notes that paragraph H of the Court's Order on Discovery and Scheduling [Doc. 26] requires the government to advise its agents and officers to retain any rough notes related to this case. Accordingly, Defendant's motion [Doc. 30] is **DENIED as moot**.

## III. Motion to Compel Disclosure of Prior Bad Acts of Witnesses Called by the Government [Doc. 32]

In his third motion, Defendant moves the Court to order the government to disclose: (1) any Fed. R. Evid. 404(b) evidence relating to witnesses the government intends to call; (2) the criminal records of any witnesses the government will present in their case in chief; and (3) any other exculpatory evidence. At the hearing, the government indicated that they would provide the Defendant with all of this information at the appropriate time. Accordingly, Defendant's motion [Doc. 32] is **DENIED as moot**.

**IV.  Motion to Disclose and Produce [Doc. 34]**

In his fourth motion, Defendant moves the Court to order the government to disclose all documents relating to the authorization of reverse sting operations and the all documents governing the procedures used in such operations, as well as any documents evidencing that the government complied with those procedures.  At the hearing, the government indicated that some of this information had already been released to Defendant.  The government further stated that it would need to follow up with the proper agencies to determine what other documentation those agencies possess relating to Defendant's request, but that it would disclose all such documentation that does exist.  Accordingly, Defendant's motion [Doc. 34] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge