UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-59 |
| | ) | (VARLAN/SHIRLEY) |
| TERRANCE L. WATERS, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT & RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on August 16, 2007, for a motion hearing on Defendant Waters' Motion to Dismiss.[1] [Doc. 36.] Assistant United States Attorney Hugh Ward was present representing the government. Attorneys Allan Schwartz and John Valliant, Jr. were present representing Defendant Waters, who was also present. At the conclusion of the hearing, the Court took the motion and related filings under advisement.

Defendant is charged with possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride. [Doc. 24.]

---

[1]The Court also heard oral argument on Defendant Waters' Motion to Compel the Disclosure of Preferential Agreements [Doc. 28], Motion to Preserve the Rough Notes of all Agents for an In Camera Inspection [Doc. 30], Motion to Compel Disclosure of Prior Bad Acts of Witnesses Called by the Government [Doc. 32], and Motion to Disclose and Produce [Doc. 34], but those motions were disposed of by an Order [Doc. 44] rather than Report and Recommendation.

Defendant contends that the reverse sting operation used by law enforcement in this case amounts to sentencing entrapment or sentence factor manipulation. [Docs. 36, 37]. The government opposes Defendant's motion, arguing that the reverse sting operation was lawful and that defendant's arguments are not an appropriate basis for a motion to dismiss. [Doc. 38].

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." Id. (quoting United States v. Smith, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)). In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." Craft, 105 F.3d at 1126.

At the August 16, 2007, hearing defense counsel conceded that arguments of sentencing entrapment and sentencing factor manipulation would be better served as arguments at trial or, should the matter proceed that far, sentencing. Additionally, the Sixth Circuit has noted that "no circuit has ever found sentencing entrapment to be grounds for a dismissal." United States v. Jones, 102 F.3d 804, 809 (6th Cir. 1996). This Court is unaware of any more recent jurisprudence holding that sentencing entrapment can serve as grounds for dismissal, nor has Defendant presented such jurisprudence to the Court.

Finally, the Court also notes that the Sixth Circuit has held that "if there is such an animal as 'sentencing entrapment,' it can only exist in a habitat where there is no predisposition to do the thing that results in the higher sentence." United States v. Fears, No. 92-3459, 1993 U.S. App. LEXIS 7559, at *9 n.3 (6th Cir. Mar. 30, 1993). Thus, there is a question of fact as to whether Defendant was predisposed to the criminal activity involved in the reverse sting operation. Such a question of fact falls within the purview of the ultimate finder of fact, and thus cannot be resolved by this Court in ruling on defendant's motion to dismiss. For the foregoing reasons, the Court respectfully **RECOMMENDS** that defendant Terrance L. Waters' Motion to Dismiss [Doc. 36] be **DENIED**.[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).